United States District Court
Southern District of Texas
**ENTERED**
September 01, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| In re: MARCOS LOPEZ, *et al*, § <br> Debtor, § <br> § <br> PORTFOLIO RECOVERY ASSOCIATES, § <br> LLC, § <br> § <br>      Appellant, § <br> VS. § <br> § <br> MARCOS F. LOPEZ, § <br> § <br>      Appellee. § | CIVIL ACTION NO. 7:15-CV-526 |

## OPINION & ORDER

Pending before the Court is a motion for leave to appeal a memorandum opinion and order of the Bankruptcy Court of the Southern District of Texas, filed by Defendant Portfolio Recovery Associates, LLC ("PRA").[1] Marcos Lopez ("Lopez"), a debtor in the underlying Chapter 13 bankruptcy proceeding, filed a timely response,[2] to which PRA replied.[3] For the reasons set forth herein, the motion is **DENIED** and the case is **DISMISSED**.

### I. Procedural Background

On September 14, 2009, Lopez filed for Chapter 13 bankruptcy.[4] Lopez then initiated an adversary proceeding against PRA on October 2, 2013, claiming PRA made repeated phone calls to his home and workplace in violation of the automatic stay and Chapter 13 bankruptcy plan.[5] On September 12, 2014, Lopez filed a motion for sanctions against PRA alleging it failed to

---

[1] Dkt. No. 9.
[2] Dkt. No. 10.
[3] Dkt. No. 11.
[4] Dkt. No. 1, Attachment 2 at ¶ 1.
[5] *See* Adversary Proceeding # 13-07019 Dkt. ("Adversary Dkt") No. 1; Dkt. No. 1, Attachment 2 at ¶ 3.

comply with discovery obligations and the bankruptcy court's prior orders.[6] On November 24, 2015, the bankruptcy court entered the sanctions order that forms the basis of PRA's motion for leave to appeal.[7] Specifically, the bankruptcy court entered a memorandum opinion[8] and an order[9] granting in part and denying in part Lopez's motion for sanctions. PRA then filed its motion for leave to appeal and notice of appeal in the bankruptcy court on December 8, 2015.[10] PRA's motion for leave to appeal was transmitted to this Court on February 19, 2016.[11]

## II. Discussion

### a. Standard

Title 28 U.S.C. § 158(a)(3) confers district courts with the jurisdiction to hear appeals from interlocutory orders of bankruptcy courts.[12] District courts have the discretion to permit interlocutory appeals.[13] Interlocutory appeals are disfavored because they "interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties."[14] When determining whether to grant leave to appeal an interlocutory order of a bankruptcy court pursuant to 28 U.S.C. § 158(a)(3), district courts within the United States Court of Appeals for the Fifth Circuit generally use the standard applied under 28 U.S.C. § 1292(b).[15]

---

[6] Adversary Dkt. No. 54.
[7] *See* Dkt. No. 9 (referring to Adversary Dkt. No. 158–159).
[8] Adversary Dkt. No. 158; Dkt. No. 1, Attachment 2.
[9] Adversary Dkt. No. 159; Dkt. No. 1, Attachment 3.
[10] Adversary Dkt. Nos. 162 and 163.
[11] Dkt. Nos. 8 and 9.
[12] 28 U.S.C.A. § 158(a)(3) (West).
[13] *Id.* ("The district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from other interlocutory orders and decrees"); *see In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1156 (5th Cir. 1988) (recognizing that a district court has discretion to allow an interlocutory appeal pursuant to 28 U.S.C § 158(a)).
[14] *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985)(citation omitted); *In re Durensky*, 519 F.2d 1024, 1030 (5th Cir. 1975)(recognizing "the policy against piecemeal appeals which underlies federal jurisprudence and the policy of expedited adjudication which undergirds federal bankruptcy law.").
[15] *See In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir.1991)(assuming without deciding the § 1292(b) test applies); *In re Red River Energy, Inc.*, 415 B.R. 280, 284 (S.D. Tex. 2009). *See Chambers v. First United Bank & Trust Co.*, No. 4:08-MC-007, 2008 WL 5141264, at *1 (E.D. Tex. Dec. 5, 2008); *In re Moerbe*, No. 03-57260-LMC, 2005 WL 3337634, at *3 (W.D. Tex. Sept. 1, 2005).

Section 1292(b) governs interlocutory appeals from district court to circuit courts of appeals and permits interlocutory appeals where a district court judge believes there to be "[1] a controlling question of law as to which there is [2] substantial ground for difference of opinion" and believes "[3] an immediate appeal from the order may materially advance the ultimate termination of the litigation."[16]

Appeals from bankruptcy courts are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts."[17] Accordingly, district courts use the same standard of review utilized by circuit courts when considering an appeal.[18] On review of a bankruptcy decision,[19] the Court reviews factual findings for clear error, and reviews legal conclusions and mixed questions of fact and law *de novo*.[20]

  b. *Analysis*

PRA challenges the bankruptcy court's sanctions order, arguing that the bankruptcy court "effectively eliminated" its ability to defend itself and that its order amounts to "death penalty" sanctions.[21] PRA did not brief the Court on whether it is entitled to an interlocutory appeal pursuant to 28 U.S.C. § 158(a)(3) in its motion for leave to appeal. Nonetheless, it its reply, PRA argues it appeals pursuant to 28 U.S.C. § 158(a)(1) and 28 U.S.C. § 158(a)(3).[22]

Under 28 U.S.C. § 158(a)(1), a district court has the jurisdiction to hear appeals from final judgments, orders and decrees of a bankruptcy court. PRA characterizes the bankruptcy court's sanctions order (1) as a final determination of its right to assert and present its defense of

---

[16] 28 U.S.C.A. § 1292 (b) (West).
[17] 28 U.S.C.A. § 158(c)(2) (West).
[18] *In re Killebrew,* 888 F.2d 1516, 1519 (5th Cir. 1989).
[19] *See* 28 U.S.C.A. § 158(a)(1) (West).
[20] *See* 11 U.S.C.A. § 8013 (West); *In re Mercer*, 246 F.3d 391, 402 (5th Cir. 2001) ("We apply the same standard of review as did the district court: the bankruptcy court's factual findings are reviewed for clear error; its legal conclusions and mixed questions of fact and law, de novo.").
[21] *See* Dkt. No. 9 at p. 4.
[22] *See* Dkt. No. 11.

mistake and (2) as a final disposition of a discrete dispute — the adversary proceeding.[23] In the alternative, PRA contends the bankruptcy court's sanctions order meets the requirements of 28 U.S.C. § 158(a)(3) as it (1) involves a controlling question of law ripe for appellate review; (2) presents situation where there is substantial ground for difference of opinion on the correctness of the bankruptcy court's order; and (3) materially advances the ultimate termination of litigation.[24]

The Court is not persuaded by PRA's arguments.

> i. *The bankruptcy court's sanctions order is an interlocutory order.*

First, as a general rule, "[a] decision is not final unless 'it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[25] The Fifth Circuit has specifically held that where a sanctions order did not dismiss an action in its entirety, such a sanctions order could not be considered a final order.[26] Furthermore, the Fifth Circuit found that such a sanctions order could not be appealed pursuant to the collateral-order *Cohen* doctrine, as sanctions orders are typically reviewed when merged in a final judgment.[27]

In the instant appeal, PRA is challenging the bankruptcy court's resolution of Lopez's discovery-related motions. Lopez twice filed motions to compel,[28] and the bankruptcy court twice ordered PRA to comply with Lopez's discovery-related requests.[29] Thereafter, Lopez filed

---

[23] *Id.* at pp. 3–4.
[24] *Id.* at pp. 5–10.
[25] *Williams v. Midwest Employers Cas. Co.*, 243 F.3d 208, 209 (5th Cir. 2001)(citation omitted).
[26] *Click v. Abilene Nat. Bank*, 822 F.2d 544, 545 (5th Cir. 1987).
[27] *Id.* ("The prerequisites of an appealable [collateral] order are that: (1) it must conclusively determine the disputed question, (2) it must resolve an important or serious and unsettled question, (3) which is completely separable from and collateral to the merits of the parties' litigations, and (4) if not appealed as a collateral matter, the district court's determination must be practically unreviewable.").
[28] Adversary Dkt. Nos. 21(Lopez's first motion to compel, filed April 8, 2014); 30 (Lopez's second motion to compel, filed May 16, 2014); 31(supplementing the motion filed May 16, 2014).
[29] Adversary Dkt. Nos. 23; 46.

a motion for sanctions and the bankruptcy court issued a memorandum opinion[30] and order.[31] In these, the bankruptcy court (1) deemed certain facts established against PRA; (2) precluded PRA from producing fact witnesses to testify at trial and precluded PRA from offering specific types of testimony and evidence; and (3) ordered PRA to pay reasonable attorneys fees for Lopez's attorneys in connection with the motion for sanctions.[32]

The Court finds that the bankruptcy court's sanctions order is not a final order, but rather an interlocutory order addressing the issues involved in the discovery process. The bankruptcy court's sanctions order resolves a discovery dispute but does not dispose of the adversary or bankruptcy proceeding, and contrary to PRA's arguments, is not a conclusion of a discrete judicial unit.[33] "Any order on a nondispositive motion within an adversary proceeding is, by definition, interlocutory."[34] PRA's argument that the bankruptcy court's sanctions order is a final determination of its rights and a final disposition of a discrete dispute is unconvincing. Thus, the bankruptcy court's sanctions order is an interlocutory order and this Court must evaluate PRA's motion for leave to appeal only under the criteria of 28 U.S.C. §158(a)(3).

---

[30] Adversary Dkt. No. 158; Dkt. No. 1, Attachment 2.
[31] Adversary Dkt. No. 159; Dkt. No. 1, Attachment 3.
[32] *Id.*
[33] *See In re England,* 975 F.2d 1168, 1171-72 (5th Cir.1992)(explaining that the waste of judicial and other resources has influenced finality in bankruptcy proceedings to be more practical and less technical because bankruptcy cases may aggregate many controversies such that discrete orders in bankruptcy proceedings might "determine the extent of the bankruptcy estate and influence creditors to expend or not to expend effort to recover monies due them.").
[34] *See In re Tex. Bumper Exchange, Inc.,* 333 B.R. 135, 138 (Bankr. W.D. Tex.2005)(holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation). *See also In re Miles,* No. 3:05–CV–0828–P, 2005 WL 1981040, at *4 (N.D. Tex. Aug. 17, 2005)("Typically, a bankruptcy court ruling on . . . a request for discovery is regarded as an interlocutory order that can be merged with the final order for appeal purposes"); *In re Tullius*, No. EP-11-MC-365-KC, 2011 WL 5006673, at *2 (W.D. Tex. Oct. 20, 2011)(denying motion for leave to appeal from bankruptcy court's order on discovery related motions).

*ii. Evaluation pursuant to 28 U.S.C. § 158(a)(3)*

The Court observes that district courts within the Fifth Circuit typically deny motions for leave to appeal interlocutory discovery-related orders.[35] In this case, the Court finds that there is no basis to allow an interlocutory appeal from the bankruptcy court's sanctions order. The sanctions order does not involve a controlling issue of law upon which there is substantial ground for difference of opinion, and an immediate appeal of this interlocutory, discovery-related order would not materially advance the ultimate termination of the adversary or the bankruptcy proceeding.

## III. Holding

For the foregoing reasons, the Court **DENIES** PRA's motion for leave to appeal and the case is **DISMISSED**. The Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st day of September, 2016.

_____
Micaela Alvarez
United States District Judge

---

[35] *In re Tullius*, No. EP-11-MC-365-KC, 2011 WL 5006673, at *2 (W.D. Tex. Oct. 20, 2011)(collecting cases).